United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60973
Summary Calendar

JESUS DE LA PAZ SANCHEZ,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A39 718 293
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

    Jesus De La Paz Sanchez (Sanchez) petitions for review of an
order by the Board of Immigration Appeals (BIA).  Sanchez
contends that the BIA erred when it found him removable based on
his Texas conviction for unauthorized use of a motor vehicle
(UUMV).  Sanchez contends that his UUMV offense was not an
aggravated felony because it does not constitute a crime of
violence under 18 U.S.C. § 16(b).  He also asserts that the BIA
erred when it denied his request for a waiver of removal under

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

former § 212(c) of Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c).

As a threshold matter, we have jurisdiction to review Sanchez's constitutional claims and questions of law pursuant to the REAL ID Act.** See 8 U.S.C. § 1252(a)(2)(D); Hernandez-Castillo v. Moore, 436 F.3d 516, 518 (5th Cir. 2006), cert. denied, 2006 WL 849672 (U.S. Oct. 2, 2006) (No. 05-1251). The BIA's factual findings are reviewed for substantial evidence. See Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). The substantial evidence standard requires that the decision be based on the evidence presented and that the decision be substantially reasonable. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Although questions of law are reviewed de novo, courts should defer to the BIA's interpretations of statutes and regulations that the BIA administers. Fonseca-Leite v. INS, 961 F.2d 60, 62 (5th Cir. 1992).

Sanchez's argument that Texas's UUMV offense does not constitute a crime of violence under 18 U.S.C. § 16(b) is foreclosed by United States v. Galvan-Rodriguez, 169 F.3d 217, 219 (5th Cir. 1999). See also In re Brieva-Perez, 23 I. & N. Dec. 766, 767-70 (BIA 2005) (Texas UUMV conviction was a crime of violence under § 16(b) and therefore an aggravated felony). Our decision in United States v. Charles, 301 F.3d 309, 314 (5th Cir.

---

**REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231, 302-11 (May 11, 2005).

2002) (en banc), expressly limited <u>Galvan-Rodriquez</u>'s holding to its property aspects and to § 16(b) cases; thus <u>Galvan-Rodriquez</u> remains applicable to Sanchez.

We also reject Sanchez's argument that he is entitled to seek discretionary relief pursuant to former § 212(c) of the INA. Deportable aliens are eligible for relief under § 212(c) only if their offenses have a statutory counterpart in § 101(a)(43)(F) of the INA, 8 U.S.C. § 1101(a)(43)(F). <u>Brieva-Perez</u>, 23 I. & N. Dec. at 771-73. Sanchez was ordered removed as an aggravated felon who had committed a crime of violence. There is no comparable crime-of-violence ground of excludability. <u>Id.</u> Sanchez is therefore ineligible for § 212(c) relief. Sanchez's petition for review is DENIED.