United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 19, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60518
_____

DUNG TRI VO,

Petitioner,

versus

ALBERTO R. GONZALES
UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

On Petition for Review of an Order of
the Board of Immigration Appeals

_____

Before JONES, Chief Judge, and WIENER and BARKSDALE, Circuit
Judges.

EDITH H. JONES, Chief Judge:

Petitioner Dung Tri Vo appeals a Board of Immigration

Appeals ("BIA") decision finding him ineligible to apply for relief

under former § 212(c) of the Immigration and Nationality Act

("INA"), 8 U.S.C. § 1182(c), because one of his crimes,

unauthorized use of a motor vehicle ("UUV"), lacks a comparable

ground of inadmissability under INA § 212(a).[1] We find no error in

the BIA's determination that Vo's crime does not have a statutory

_____

[1] We note that two companion cases, Avilez-Granados v. Gonzales, No.
05-61165, and Brieva-Perez v. Gonzales, No. 05-60639, were heard on the same day
and contain related issues and overlapping reasoning.

counterpart in § 212(a) and accordingly DENY the petition for review.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dung Tri Vo, a native and citizen of Vietnam, was admitted to the United States as a lawful permanent resident on April 29, 1985. In December 1989, Vo was convicted in Texas state court of theft by receiving and was sentenced to five years imprisonment. One month later, he pleaded guilty to UUV and was sentenced to eight years imprisonment. Vo again pleaded guilty to UUV in Texas state court in 1992, and was sentenced to seven years imprisonment. For all of the offenses, he did not serve more than five years in prison cumulatively. Based on these convictions, on February 16, 2000, the Immigration and Naturalization Service ("INS") served Vo with a notice to appear, charging that he was removable under INA § 237(a)(2)(A)(iii).

Vo appeared before an Immigration Judge ("IJ"), admitted the allegations, and conceded that he was removable based on the aggravated felony theft offense, 8 U.S.C. § 1101(a)(43)(G). However, he argued that the Texas crime of UUV was not a crime of violence, 8 U.S.C. § 1101(a)(43)(F). Vo also applied for relief from removal under the Convention Against Torture ("CAT"). See 8 C.F.R. § 208.16.

After finding that UUV was indeed a crime of violence, the IJ sustained both grounds for removal in findings that Vo does

2

not challenge.  The IJ determined that the only form of relief open to Vo was deferral of removal under CAT, but Vo had failed to establish that it was more likely than not that he would be tortured if he returned to Vietnam.  See § 208.16(b)(2).  The IJ accordingly denied CAT relief and ordered Vo removed to Vietnam.

The BIA affirmed the IJ's denial of relief under CAT. However, in light of INS v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271 (2001), the BIA remanded the case for consideration of whether Vo was entitled to relief from removal under former INA § 212(c).

On remand, the IJ found Vo ineligible to apply for § 212(c) relief.  Vo failed to establish that his UUV conviction had a statutory counterpart in § 212(a), since it did not qualify as a crime involving moral turpitude and there was no other crime listed under § 212(a) that could be linked to Vo's conviction. Accordingly, the IJ denied Vo's application for a waiver of removal.

The BIA dismissed Vo's appeal, finding him removable because he committed an aggravated felony that was classified as a crime of violence under INA § 101(a)(43)(F).  Relying on 8 C.F.R. § 1212.3(f)(5), and the reasoning of Matter of Blake, 23 I. & N. Dec. 722 (BIA 2005), the BIA stated that in order to receive a § 212(c) waiver, the ground of removability at issue must contain a statutory counterpart in § 212(a)'s grounds of excludability. The BIA determined that the incidental overlap between § 101(a)'s crime of violence provision and the § 212(a) provision for a crime

3

involving moral turpitude was insufficient to establish eligibility for a § 212(c) waiver: "The distinctly different terminology used to describe the two categories of offenses and the significant variance in the types of offenses covered by these two provisions lead us to conclude that they are not 'statutory counterparts' for purposes of § 212(c) eligibility." Vo filed a timely petition for review in this court.

## II. DISCUSSION

### A. Jurisdiction

The REAL ID Act amended 8 U.S.C. § 1252 to preclude judicial review of any removal order based on, inter alia, commission of an aggravated felony. See § 1252(a)(2)(C); Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir.), cert. denied, __ U.S. __, 127 S. Ct. 40 (2006). However, the Act also provides that none of its provisions "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review." § 1252(a)(2)(D). This court therefore has jurisdiction to decide the legal and constitutional questions raised by Vo. See Hernandez-Castillo, 436 F.3d at 519. We review the BIA's conclusions of law de novo, according deference to the BIA's interpretations of ambiguous provisions of the INA. Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

### B. History of § 212(c) Relief

4

Former INA § 212(c) allowed a discretionary waiver of many of the grounds of inadmissibility set forth in § 212(a) for "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." INA § 212(c), 8 U.S.C. § 1182(c). In Francis v. INS, 532 F.2d 268 (2d Cir. 1976), the Second Circuit held that it violated equal protection to limit § 212(c) relief to aliens who had temporarily departed and were seeking readmission, and required that the INS make § 212(c) waivers available to all lawful permanent residents, including those who had not departed. Francis thus expanded the class of aliens to whom § 212(c) relief is available but did not broaden the statutory grounds to which it may be applied. The BIA adopted Francis in Matter of Silva, 16 I. & N. Dec. 26 (BIA 1976), and made § 212(c) waivers available in both exclusion and deportation proceedings nationwide.

In 1990, Congress limited § 212(c) availability to aliens who had served fewer than five years in prison, Immigration Act of 1990, Pub. L. No. 101-649, § 511, 104 Stat. 4978, 5052. Congress then repealed the provision entirely in 1996 with the passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-54, 3009-597. The Supreme Court, however, held that § 212(c) relief must remain available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions,

5

would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." St. Cyr, 533 U.S. at 326, 121 S. Ct. 2293. Thus, aliens who pled guilty before the repeal of § 212(c) remain eligible to apply for discretionary relief. Significantly, St. Cyr, did not address the issue of comparable grounds.

In 2004, the BIA designed regulations to conform with St. Cyr. As part of this codification, the BIA promulgated 8 C.F.R. § 1212.3(f)(5), which provided that an application for § 212(c) relief "shall be denied if: . . . [t]he alien is deportable under former section 241 of the Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act." In Matter of Blake, the BIA applied § 1212.3(f)(5) and determined that the aggravated felony offense of sexual abuse of a minor does not have a statutory counterpart in § 212(a). See 23 I. & N. Dec. at 727-29. The BIA specifically rejected the argument that sexual abuse of a minor constituted a crime involving moral turpitude as set out in § 212(a), concluding that the overlap between crimes of violence, such as sexual abuse, and crimes involving moral turpitude was insufficient to show that the crimes were statutory counterparts. Id. at 728. Because there is no other provision in § 212(a) that can serve as a comparable ground of inadmissability to sexual abuse of a minor, Blake was ineligible to apply for § 212(c) relief. Id. at 729.

6

In so ruling, the BIA discussed how the decision "clarifie[d]" its prior precedent, rather than established a new rule or standard.  Id. at 728.  Since at least 1979, the BIA has held that § 212(c) relief is available only to waive charges of deportability for which there is a comparable ground of inadmissability.  See, e.g., Matter of Granados, 16 I. & N. Dec. 726, 719 (BIA 1979), aff'd, 624 F.2d 191 (9th Cir. 1980) (table) (§ 212(c) relief unavailable because "respondent's conviction for possession of an unregistered sawed-off shotgun does not come within the grounds of excludability which are subject to a section 212(c) waiver"); see also Matter of Jimenez, 21 I.& N. Dec. 567, 573 (BIA 1996) (conviction for fraud and misuse of visas insufficiently comparable to ground of excludability for fraud or willful misrepresentation of a material fact in procuring a visa to permit § 212(c) relief; despite some overlap, the former has a "vastly greater scope" and encompasses more serious violations); Matter of Esposito, 21 I. & N. Dec. 1, 9-10 (BIA 1995) ("section 212(c) relief is available in deportation proceedings only to those aliens who have been found deportable under a ground of deportability for which there is a comparable ground of excludability"); Matter of Wadud, 19 I. & N. Dec. 182, 184 (BIA 1984) ("section 212(c) can only be invoked in a deportation hearing where the ground of deportation charged is also a ground of inadmissibility").

The Attorney General affirmed the comparability requirement in <u>Matter of Hernandez-Casillas</u>, 20 I. & N. Dec. 262 (BIA 1990; A.G. 1991), <u>aff'd</u>, 983 F.2d 231 (5th Cir. 1993) (table), following an attempt by the BIA to expand § 212(c) availability to all "aliens deportable under any ground of deportability except those where there is a comparable ground of exclusion which has been <u>specifically excepted</u> from section 212(c)."   <u>Id.</u> at 266 (emphasis added).   The Attorney General held that "the Board erred in holding that relief under section 212(c) may be afforded for grounds for deportation that are not grounds for exclusion made waivable by the terms of section 212(c)." <u>Id.</u> at 286-87.   "<u>Francis</u> and <u>Silva</u> require only that discretionary relief under section 212(c) be made available in deportation proceedings in which the asserted ground for deportation is also a ground for exclusion expressly subject to waiver under that section." <u>Id.</u> at 288.   This court also has affirmed the comparability requirement. <u>See, e.g.</u>, <u>Chow v. INS</u>, 12 F.3d 34, 38 (5th Cir. 1993); <u>Rodriguez v. INS</u>, 9 F.3d 408, 412-14 (5th Cir. 1993).

In <u>Blake</u>, the BIA acknowledged that in order to qualify as a comparable ground of inadmissability in a case involving an aggravated felony, it is not necessary that a provision of § 212(a) "recite[] the words 'convicted of an aggravated felony.'" <u>Blake</u>, 23 I. & N. Dec. at 724 (citing <u>Matter of Meza</u>, 20 I. & N. Dec. 257, 259 (BIA 1991)).   However, in <u>Meza</u>, both the ground for excludability and the ground for deportation involved illicit

8

traffic in controlled substances. <u>Id.</u> at 724-25. Thus, Congress had expressed an intent to address the same class of offense. There is no such textual link between sexual abuse of a minor and a crime involving moral turpitude. <u>See</u> <u>id.</u> at 727-28. The BIA specifically noted "that the moral turpitude ground of exclusion addresses a distinctly different and much broader category of offenses than the...sexual abuse of a minor charge." <u>Id.</u> at 728. The mere overlap between sexual abuse and some crimes involving moral turpitude is insufficient to render the two statutory counterparts. <u>Id.</u>

The BIA reiterated its requirement of a close textual link between a deportable alien's crime and the asserted § 212(a) grounds of inadmissability in <u>Matter of Brieva-Perez</u>, 23 I. & N. Dec. 766 (BIA 2005), a companion case on appeal in this court, concluding that § 212(a)'s crime involving moral turpitude ground of exclusion does not apply to aliens, like Vo, who were convicted of UUV.

### C. Vo's Appeal

As in <u>Blake</u>, the BIA determined that Vo's crime of UUV does not have a statutory counterpart in § 212(a) because it cannot be considered a crime involving moral turpitude under the meaning of that provision. Vo attacks this holding, as well as <u>Blake</u>, on several grounds. Without lengthy discussion, a panel of this court, relying on <u>Brieva-Perez</u>, has rejected an alien's contention

that he was entitled to seek § 212(c) relief following a UUV conviction, as there is no comparable ground of inadmissability. See De la Paz Sanchez v. Gonzales, 473 F.3d 133 (5th Cir. 2006); see also Caroleo v. Gonzales, 476 F.3d 158, 164-68 (3d Cir. 2007)(aggravated felony of "crime of violence" does not have a statutory counterpart in INA § 212(a)); Valere v. Gonzales, 473 F.3d 757, 761-62 (7th Cir. 2007)(8 C.F.R. § 1212.3 is not impermissibly retroactive).  For the following reasons, we agree with this circuit's De la Paz Sanchez decision.

### 1.  Impermissible Shift in Agency Practice

Vo argues that in Blake, from which Brieva-Perez directly follows, the BIA departed from past agency practice regarding § 212(c) availability, and its interpretation is thus not entitled to judicial deference.  See INS v. Cardoza-Fonseca, 480 U.S. 421, 446 n.30, 107 S. Ct. 1207, 1221 n.30 (1987).  However, as discussed thoroughly in Blake, the BIA has long required a comparable ground of excludability in order to allow aliens to apply for § 212(c) relief.

Vo can point to no published case where the BIA granted a section 212(c) waiver to an alien convicted of an aggravated felony solely under the § 212(a) provision for crimes involving moral turpitude.  Offhand comments in BIA opinions have led to confusion, but such comments regarding situations where § 212(c) relief is not available cannot be taken as binding BIA precedent

10

requiring such relief to be available in all other instances. See Hernandez-Casillas, 20 I. & N. Dec. at 282 n.4 (Attorney General recognizing that § 212(c) relief is not available for those convicted of illegal reentry and illegal possession of certain firearms); Granados, 16 I. & N. Dec. at 728 (possession of a sawed-off shotgun is not a crime involving moral turpitude, and the petitioner is therefore ineligible for § 212(c) relief on that ground). Nor are cases discussing whether certain firearms offenses might be considered to embody a ground of excludability as a crime involving moral turpitude persuasive where the BIA in fact found the petitioners ineligible for other reasons. See Esposito, 21 I. & N. Dec. at 8-9; Matter of Montenegro, 20 I. & N. Dec. 603, 605-06 (BIA 1992).

Vo makes much of the fact that Blake did not discuss Matter of Rodriguez-Cortes, 20 I. & N. Dec. 587 (BIA 1992), in which an alien convicted of murder applied for § 212(c) relief. The IJ had dismissed the § 212(c) application based on a finding that the alien had committed a firearms offense, but the BIA disagreed with this holding and remanded the case for further proceedings. The BIA did not, however, specifically hold that aliens convicted of murder are eligible to apply for § 212(c) relief under the "crime involving moral turpitude" ground of excludability, as that question was not before it. Further, the alien was not ultimately granted a waiver of deportation as a result of the decision.

11

The circuit precedent cited by Vo as ostensibly extending § 212(c) eligibility to persons convicted of aggravated felonies unrelated to drugs is unpersuasive. Because each of the cases was decided on other grounds, the courts never specifically held that aliens convicted of crimes of violence are broadly eligible to apply for § 212(c) relief under § 212(a)'s "crime involving moral turpitude" ground of inadmissability. See Cordes v. Gonzales, 421 F.3d 889, 896-99 (9th Cir. 2005) (violation of equal protection to deny § 212(c) eligibility to aliens whose convictions were only declared to be aggravated felonies after their pleas were entered while permitting relief for aliens who committed more serious offenses that already were defined as aggravated felonies at the time of their pleas); United States v. Ortega-Ascanio, 376 F.3d 879, 887 (9th Cir. 2004) (alien should be permitted to withdraw his plea because IJ failed to advise him of the potential of § 212(c) relief following St. Cyr; referred to the potential for a waiver as only "a plausible ground for dismissal of his indictment"); Adefemi v. Ashcroft, 358 F.3d 828, 836 (11th Cir. 2004), vacated and reh'g granted, 386 F.3d 1022, cert. denied, 544 U.S. 1035, 125 S. Ct. 2245 (2005) (conviction not proved by clear and convincing evidence); United States v. Leon-Paz, 340 F.3d 1003, 1006-07 (9th Cir. 2003) (remanded because IJ improperly found petitioner ineligible for relief based on a retroactive application of IIRIRA's definition of what constitutes an aggravated felony); Cunningham v. U.S. Att'y Gen., 335 F.3d 1262, 1268 (11th Cir. 2003)

12

(improper retroactive application of amendments to INA; in addition, the petitioner was a returning alien seeking readmission).

Accordingly, Vo has not demonstrated a substantial shift in agency practice sufficient to render the BIA's interpretation of its own regulation irrational or arbitrary and capricious.

## 2. St. Cyr and Retroactivity

Vo next argues that the BIA's holding violates St. Cyr's rule requiring that § 212(c) relief remain available for aliens who could have been eligible for such relief at the time of their pleas "under the law then in effect." St. Cyr, 533 U.S. at 326, 121 S. Ct. at 2293. However, Vo has not established that he would have been eligible for § 212(c) relief at the time of his plea; since at least 1979, the BIA has required a comparable ground of inadmissability to render deportable aliens eligible to apply for § 212(c) relief. There is no such comparability between UUV and crimes involving moral turpitude. As such, Vo cannot establish his eligibility for a waiver prior to Blake, nor a violation of St. Cyr.

Similarly, because the BIA did not adopt a new rule limiting § 212(c) relief when it clarified its position in 2004 with C.F.R. § 1212.3(f)(5), we need not determine whether, under the rule set forth in Landgraf v. USI Film Prods., 511 U.S. 244, 114 S.Ct. 1483 (1994), the BIA intended the rule to have

13

retroactive effect.  See Clay v. Johnson, 264 F.3d 744, 749 (7th Cir. 2001) ("A clarifying rule, therefore, can be applied to the case at hand just as a judicial determination construing a statute can be applied to the case at hand.").

### 3.  Ultra Vires

Vo asserts that 8 C.F.R. § 1212.3(f)(5), and the BIA's interpretation of it, is ultra vires.  Vo points to the 1990 amendments, which barred § 212(c) relief for aliens who were convicted of an aggravated felony and served a term of imprisonment of at least five years.  He argues that, by implication, all other aliens convicted of aggravated felonies should be eligible to apply for a discretionary waiver.

This argument has no merit.  If Congress intended to overturn the practice requiring comparability, it could have done so explicitly.  The amendments, however, were designed to limit the availability of § 212(c) relief; we cannot infer an intent by Congress simultaneously to expand § 212(c) eligibility when it clearly did not express such a desire.

As already discussed, the BIA has long required comparable grounds of inadmissibility in § 212(c) applications. See, e.g., Wadud, 19 I. & N. Dec. 182; Granados, 16 I. & N. Dec. 726. Under Vo's interpretation, Congress, by implication, intended to overturn this practice, by enabling all aggravated felons who had served less than five years to apply for a discretionary

14

waiver, regardless of comparability. This is precisely the approach rejected by the Attorney General in <u>Hernandez-Casillas</u>, 20 I. & N. Dec. 262, and we decline to expand the terms of the 1990 amendments beyond their plain terms. <u>See</u> <u>Rodriguez</u>, 9 F.3d at 412 (discussing 1990 Amendments and stating that "[w]e must assume that Congress was aware of the interpretation given to section 212(c) to extend only to deportation grounds with analogous waivable grounds for exclusion, and that Congress could easily have legislated a change to this interpretation had it wished to do so"); <u>see also</u> <u>Campos v. INS</u>, 961 F.2d 309, 315 (1st Cir. 1992) (describing an argument similar to Vo's as "requir[ing] us to read nonexistent language into § 212(c) on the shaky supposition that, although Congress made no directly relevant statutory change, it must be presumed somehow to have signaled that a statute saying one thing should now — although unchanged — be understood to say something else").

## 4. Internal Inconsistency

Vo argues that the BIA's interpretation of 8 C.F.R. § 1212.3(f)(5) renders the regulation inconsistent with the remainder of § 1212.3(f), which permits § 212(c) relief for aliens who pleaded guilty at specified periods of time, coinciding with the rules announced in <u>St. Cyr</u>. Under its terms, however, § 1212.3(f)(4) permits § 212(c) waiver eligibility for those who pleaded guilty to aggravated felonies where the law in effect at

the time of their guilty pleas would have rendered them eligible, not <u>all</u> aliens who pleaded guilty to aggravated offenses.

Vo contends that the fact that there is no ground of inadmissibility that recites the words "aggravated felony" means that § 1212.3(f)(4) is rendered superfluous by the BIA's interpretation of § 1212.3(f)(5). BIA precedent, however, contradicts this assertion. For example, in <u>Meza</u>, 20 I. & N. Dec. 257, the BIA held that § 212(c) relief remained available for an alien convicted of a drug-related aggravated felony because there was a comparable ground of inadmissability under § 212(a)(23) for a violation of laws relating to controlled substances. Although the provision did not contain the words "aggravated felony," the close textual link rendered the two provisions statutory counterparts. There is no such link between Vo's crime, UUV, and any specific ground of inadmissability under § 212(a), aside from claiming it is a crime involving moral turpitude.

### 5. Equal Protection

Finally, Vo argues that barring § 212(c) relief to aliens in his position violates equal protection as set out by the Second Circuit in <u>Francis</u>, 532 F.2d 268, and adopted by the BIA in <u>Silva</u>, 16 I. & N. Dec. 26, because he would be eligible to apply for a waiver of his aggravated felony if he were to leave the country and seek readmission.

16

This court rejected a similar argument in <u>Requena-Rodriquez v. Pasquarell</u>, 190 F.3d 299, 308-09 (5th Cir. 1999). Even if deportable and excludable aliens can be considered similarly situated, there is a rational basis for distinguishing between the two. <u>See</u> <u>Rodriquez</u>, 9 F.3d at 414 ("Congress is not required to treat all aliens alike; it is only required to give a facially legitimate and bona fide reason for treating them differently."). Here, the different limits on § 212(c) relief act as a "carrot" to induce voluntary departure: "Congress's more lenient treatment of excludable as distinct from deportable aliens...creates an incentive for deportable aliens to leave the country — which is after all the goal of deportation — without their having to be ordered to leave at the government's expense." <u>Requena-Rodriquez</u>, 190 F.3d at 309 (quoting <u>LaGuerre v. Reno</u>, 164 F.3d 1035, 1041 (7th Cir. 1998)).

Additionally, in the immigration context, there is a particular need for courts to defer to congressional choices. <u>See</u> <u>Requena-Rodriquez</u>, 190 F.3d at 309. Here, Congress chose to make certain excludable aliens eligible for discretionary relief under § 212(c), and the expansion of that provision, required by <u>Francis</u> and <u>Silva</u>, has only been extended to those for whom the ground of deportability has a comparable ground of inadmissability. Vo does not fall into this limited category for whom courts have required an expansion of § 212(c), and there is therefore no equal protection violation.

17

### III. CONCLUSION

By its terms, § 212(c) applies only to a limited class of excludable aliens; it was a judicial extension that required it to be made available to deportees. As this court held in <u>De la Paz Sanchez</u>, <u>supra</u>, we decline to extend § 212 even further. We must construe it consistent with its terminology, lest the administrative and judicial extension of the waiver remedy become even less moored to the statute in which it originated. Vo's crime of UUV does not have a comparable ground of inadmissability under § 212(a). He is therefore ineligible for a § 212(c) waiver, and his petition for review of the BIA's decision is **DENIED**.