United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60566
Summary Calendar

ELBA CONSUELO RIVAS DE WILLIAMS,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34 228 014
--------------------

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Elba Consuelo Rivas De Williams, a native and citizen of
Peru, has filed a petition for review (PFR) of the Board of
Immigration Appeal's (BIA) order denying reopening of her removal
proceedings. In 2002, an immigration judge (IJ) determined that
Rivas De Williams was not eligible for relief under former
§ 212(c) of the Immigration and Naturalization Act. Before the
BIA, the Government moved for summary affirmance of the IJ's
decision. In 2004, the BIA affirmed the IJ's decision without an
opinion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In 2006, Rivas De Williams filed a notice of appeal from the denial of § 212(c) relief, which the BIA construed as a motion to reopen or reconsider its 2004 decision. The BIA denied the motion based on its determination that Rivas De Williams was statutorily ineligible for § 212(c) relief because § 212(a) does not contain a ground of inadmissibility comparable to the ground for which she was removable, citing In re Blake, 23 I & N Dec. 722, 724-29 (BIA 2005).

The Government argues that Rivas De Williams's PFR is untimely relative to any challenge of the BIA's 2004 decision affirming the denial of § 212(c) relief. The BIA's 2004 affirmance and its 2006 denial of reopening are two separate final orders, each requiring their own PFRs. See Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006). The limitations period for filing a PFR "begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner's address of record." Ouedraogo v. INS, 864 F.2d 376, 378 (5th Cir. 1989). While Rivas De Williams's PFR was timely filed with respect to the BIA's denial of reopening, the PFR is not timely as to the BIA's 2004 affirmance. See 8 U.S.C. § 1252(b)(1); Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993). Therefore, this court lacks jurisdiction to consider Rivas De Williams's arguments insofar as they challenge the merits of the BIA's 2004 decision. See § 1252(a)(5); Karimian-Kaklaki, 997 F.2d at 111. In any event, the errors asserted by

Rivas De Williams relating to the 2004 decision would now be inconsequential in light of the BIA's determination in denying reopening that Rivas De Williams was statutorily ineligible for § 212(c) relief on the independent ground that her basis for removal was not comparable to any basis for inadmissability under § 212(a).

Pursuant to the REAL ID Act, § 1252(a)(2)(D), this court has jurisdiction to review the BIA's denial of reopening. See De La Paz Sanchez v. Gonzales, 473 F.3d 133, 134 (5th Cir. 2006). Rivas De Williams does not raise any arguments challenging the BIA's treatment of her notice of appeal as a motion to reopen or reconsider or the BIA's reasoning for denying reopening. Therefore, she has waived any such challenges. See Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986). Although Rivas De Williams contends that she is statutorily eligible for § 212(c) relief because she has served less than five years in prison for aggravated felony convictions, the import of the BIA's comparability determination is that she is statutorily ineligible for § 212(c) relief irrespective of the amount of prison time she served.

For the first time, Rivas De Williams contends in this court that she has been treated in bad faith during her proceedings before immigration judges and the BIA, was not allowed to enter evidence during a hearing before an immigration judge, was denied copies of records of proceedings, and was allowed only one

continuance to obtain an attorney.  While these complaints may be construed as a due process challenge based on fundamental unfairness, Rivas De Williams has failed to exhaust her administrative remedies with respect to these complaints.  See Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004).  A petitioner's due process claims are subject to the exhaustion requirement of § 1252(d)(1) when they relate to procedural errors that are correctable by the BIA.  Id.  Because Rivas De Williams's due process complaints allege procedural errors correctable by the BIA, her failure to exhaust her arguments deprives this court of jurisdiction to review them.  See id.  In any event, her arguments are unavailing because she has no due process right to either discretionary relief under § 212(c) or a hearing to determine eligibility for such relief.  Gutierrez-Morales v. Homan, 461 F.3d 605, 610 (5th Cir. 2006); Nguyen v. Dist. Dir., Bureau of Immigration & Customs Enforcement, 400 F.3d 255, 259 (5th Cir. 2005).

Rivas De Williams also argues that she was denied due process because she was not served with the Government's motion for summary affirmance of the IJ's denial of § 212(c) relief.  That alleged error relates to the denial of her eligibility for relief under § 212(c).  Therefore, it is likewise not entitled to due process protection.  See Gutierrez-Morales, 461 F.3d at 610.  Furthermore, insofar as Rivas De Williams's complaint of bad faith includes an argument that the BIA violated her due process

rights in deciding her motion to reopen, such an argument is unavailing because the denial of a motion to reopen does not implicate a Fifth Amendment due process right.  See Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004).

Rivas De Williams also asserts a claim relating to the apparent revocation of her bond.  Even if jurisdiction existed to review such a claim, this court does not do so because the administrative record contains no documentation relating to any such revocation.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 391 n.15 (5th Cir. 2001) (recognizing that a court reviewing an agency decision should not go outside of the administrative record); see also § 1252(b)(4)(A).

The petition for review is DENIED.