[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14549
Non-Argument Calendar

_____

Agency No. A90-727-738

LORENZO ANTONIO SANCHEZ-BECERRA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 1, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Lorenzo Antonio Sanchez-Becerra ("Sanchez-Becerra") petitions for review

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order of removal and denial of his request for a waiver of removal. After review, we dismiss the petition in part and deny it in part.

## I. BACKGROUND

### A. Initial Removal Proceedings

On December 5, 2002, the Immigration and Naturalization Service ("INS")[1] served Sanchez-Becerra with a Notice to Appear ("NTA"). The NTA charged that (1) on or about January 1, 1980, Sanchez-Becerra, a native and citizen of Mexico, illegally entered the United States through Texas; (2) on September 27, 1991, Sanchez-Becerra's status was adjusted to lawful permanent resident based on his seasonal agricultural work; (3) on November 18, 1993, Sanchez-Becerra was convicted in Alabama state court of second-degree rape; and (4) based on this conviction, Sanchez-Becerra was removable under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in INA § 101(a)(43)(A), 8 U.S.C. § 1101(a)(43)(A).

On February 4, 2003, Sanchez-Becerra did not appear for his removal hearing. An IJ ordered him removed in absentia based on his second-degree rape

___

[1]Congress abolished the INS on March 1, 2003 and replaced it with the Department of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002).

2

conviction. In April 2004, Sanchez-Becerra was removed to Mexico.

On October 23, 2004, Sanchez-Becerra was arrested by federal Border Patrol agents in New Mexico. He was charged with illegal reentry, but the indictment was dismissed after Sanchez-Becerra argued his initial removal proceedings in abstentia were fundamentally unfair.

**B.      Reopened Removal Proceedings and § 212(c) Waiver Request**

On June 16, 2005, Sanchez-Becerra and the government filed a joint motion to reopen Sanchez-Becerra's removal proceedings. The motion stated Sanchez-Becerra never actually received notice of the removal hearing because the INS listed his address as the county jail and sent the notice of the hearing there, but in the interim he had been released on bond. The IJ granted the motion and reopened the removal proceedings on September 12, 2005.

The IJ continued the removal proceedings five times between April 2006 and May 2007, at least four of which were attributed to Sanchez-Becerra's counsel being sick and/or Sanchez-Becerra's not filing the required written applications for relief from removal. During the course of these continued hearings, Sanchez-Becerra admitted the charges in the NTA and conceded removability, but stated that he intended to apply for a waiver of removal under former INA § 212(c), 8 U.S.C. § 1182(c).

A year after the removal proceedings had been reopened, Sanchez-Becerra

3

filed his application for a § 212(c) waiver on October 31, 2006. The next day, he filed a memorandum supporting his request for a § 212(c) waiver <u>nunc pro tunc</u>.[2] His memo argued that the agency error in 2003 in not providing him notice of his original removal hearing and ordering him removed <u>in abstentia</u> prevented him from applying for a § 212(c) waiver of removal back in 2003. Sanchez-Becerra acknowledged that he was statutorily ineligible for a § 212(c) waiver under the relevant statutes as construed by the BIA's decision in <u>In re Blake</u>, 23 I. & N. Dec. 722 (BIA 2005).[3] However, Sanchez-Becerra requested that the IJ allow him to apply for a § 212(c) waiver <u>nunc pro tunc</u>, i.e., as if he was at his original removal hearing in 2003 before the BIA decided <u>Blake</u> in 2005. The government's position throughout the proceedings was that Sanchez-Becerra was statutorily ineligible for a § 212(c) waiver of removal.

At a continued hearing on November 2, 2006, the IJ scheduled a merits hearing for Sanchez-Becerra's § 212(c) waiver request. While appearing before the IJ, Sanchez-Becerra's counsel requested a hearing date in May 2007 and accepted a hearing date of May 7, 2007.

On May 7, 2007, Sanchez-Becerra's counsel was not present at the hearing.

---

[2]<u>Nunc pro tunc</u> literally means "now for then" and refers to a court's use of its inherent power to have an action take retroactive legal effect. <u>Black's Law Dictionary</u> 1100 (8th ed. 2004).

[3]<u>See</u> <u>infra</u> note 7.

4

The IJ stated that Sanchez-Becerra's counsel had filed an untimely request for another continuance the previous week, which had been denied. The IJ also stated the clerk of the United States District Court in El Paso had called the previous week and said the district court judge had issued an order forbidding Sanchez-Becerra's counsel from leaving Texas until the pending criminal trial was finished. The IJ told the clerk that Sanchez-Becerra's case would proceed. The IJ told Sanchez-Becerra, who did appear, that the IJ would be issuing a written decision.

## C.    IJ's Removal Decision

On May 7, 2007, the IJ issued a written decision finding that Sanchez-Becerra was removable as an aggravated felon based on his second-degree rape conviction. The IJ also concluded that Sanchez-Becerra was statutorily ineligible for a § 212(c) waiver.

Further, the IJ's decision stated that Sanchez-Becerra's request for <u>nunc pro tunc</u> relief was "highly speculative" in light of the Attorney General's instructions in <u>In re Jean</u>, 23 I. & N. Dec. 373 (A.G. 2002), that a discretionary waiver must balance humanitarian concerns against the seriousness of the criminal offense, and, in the absence of extraordinary circumstances, waivers would not be granted where the person seeking relief was convicted of a dangerous or violent crime. The IJ stated that it considered second-degree rape to be a dangerous crime and that "[g]iven the highly speculative nature of the relief, even if this Court were

5

empowered to grant such relief, <u>nunc pro tunc</u> relief is not a realistic option in this matter." Finally, the IJ stated that Sanchez-Becerra had not provided any authority, from either the BIA or this Court, establishing that an IJ has any equitable power to grant <u>nunc pro tunc</u> relief and thus concluded that it had "no authority to grant the requested relief."

**D. BIA Appeal**

On appeal to the BIA, Sanchez-Becerra argued that (1) the IJ's denial of a continuance deprived him of his right to counsel and was an abuse of discretion, and (2) he was eligible for a § 212(c) waiver <u>nunc pro tunc</u>.

The BIA dismissed Sanchez-Becerra's appeal. The BIA found no clear error in the IJ's factual findings. The BIA concluded that the IJ correctly determined that Sanchez-Becerra was ineligible for a § 212(c) waiver, citing <u>Blake</u>.

The BIA also noted Sanchez-Becerra "through counsel, does not argue on appeal that he is statutorily eligible for section 212(c) relief, notwithstanding <u>Matter of Blake</u>." The BIA concluded it had no jurisdiction to grant equitable relief, which is what a § 212(c) waiver <u>nunc pro tunc</u> in Sanchez-Becerra's case would constitute. Finally, the BIA concluded Sanchez-Becerra had shown no prejudice in the IJ's denial of a continuance in light of his statutory ineligibility for

6

a waiver of inadmissibility.  Sanchez-Becerra filed a timely petition for review.[4]

## II. DISCUSSION

### A.    Jurisdiction

This Court's jurisdiction to review removal orders is restricted where the petitioner, like Sanchez-Becerra, is a criminal alien removable based on a conviction for an "aggravated felony," as defined in INA § 101(a)(43), 8 U.S.C. § 1101(a)(43).  INA § 242(a)(2)(C); 8 U.S.C. § 1252(a)(2)(C) (referencing INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii)).  However, we retain jurisdiction to review "constitutional claims or questions of law."  INA § 242(a)(2)(D); 8 U.S.C. § 1252(a)(2)(D).  A petitioner must allege a constitutional or legal claim that is "colorable," i.e., with "some possible validity," for us to have jurisdiction under INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D).  Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (quotation marks omitted).  We review legal and constitutional claims de novo.  Ali v. U.S. Att'y Gen., 443 F.3d 804, 808 (11th Cir. 2006).

### B.    § 212(c) Waiver Nunc Pro Tunc

Sanchez-Becerra argues the BIA erred in concluding that it lacked equitable jurisdiction to grant nunc pro tunc relief and in denying his request for a § 212(c)

---

[4]We review only the BIA's decision, except to the extent the BIA expressly adopted the IJ's decision.  Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

waiver <u>nunc pro tunc</u>. Sanchez-Becerra thus presents a legal question that this Court has jurisdiction to review.

It is unnecessary to address whether <u>nunc pro tunc</u> relief is purely equitable in nature or if the BIA had discretionary authority to grant <u>nunc pro tunc</u> relief because, even if the BIA had that authority, Sanchez-Becerra was statutorily ineligible for a § 212(c) waiver in 2003, just as he was in 2007. As discussed below, the applicable statutory framework in 2003 was the same as that in 2007 and thus Sanchez-Becerra was equally ineligible for a § 212(c) waiver in 2003.

We start with INA § 212(a) and (c). INA § 212(a) lists the "classes of excludable aliens" who are ineligible for admission to the United States. INA § 212(a); 8 U.S.C. § 1182(a). One of these excludable classes is "[c]riminal and related grounds," which includes, in relevant part, aliens convicted of "a crime involving moral turpitude." INA § 212(a)(2)(A)(i)(I); 8 U.S.C. § 1182(a)(2)(A)(i)(I). Former INA § 212(c), which has now been repealed, provided for a waiver of such § 212(a) ineligibility as follows: "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily <u>and not under an order of deportation</u>, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this

section." INA § 212(c); 8 U.S.C. § 1182(c) (1994) (emphasis added).[5]

In 1976, the BIA expanded § 212(c) to permit a waiver of removal to a lawful permanent resident in deportation proceedings and regardless of whether he voluntarily departed the United States and merely seeks to return. See Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1323 (11th Cir. 2001) (citing Matter of Silva, 16 I. & N. Dec. 26, 30 (BIA 1976)). In subsequent cases, the BIA and Attorney General clarified that a § 212(c) waiver was available only to aliens who were deportable on grounds for which there was a comparable ground of inadmissibility in INA § 212(a). See id. (citing Matter of Hernandez-Casillas, 20 I. & N. Dec. 262, 280-93 (A.G. 1991); Matter of Wadud, 19 I. & N. Dec. 182, 184 (BIA 1984); Matter of Granados, 16 I. & N. Dec. 726, 728 (BIA 1979)). In other words, a deportee was eligible for a § 212(c) waiver if the statutory ground for his deportation was comparable to a statutory ground for inadmissibility under § 212(a).

In 1991, the BIA applied this statutory framework to an alien deportable for an aggravated felony conviction and concluded that "a waiver under section 212(c)

---

[5]Even though INA § 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), relief remains available to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." INS v. St. Cyr, 533 U.S. 289, 326, 121 S. Ct. 2271, 2293 (2001). Because Sanchez-Becerra pled guilty in 1993 (before IIRIRA's enactment in 1996), he was thus still eligible for INA § 212(c) relief under St. Cyr.

is not unavailable to an alien convicted of an aggravated felony simply because there is no ground of exclusion [in § 212(a)] which recites the words, 'convicted of an aggravated felony.'" Matter of Meza, 20 I. & N. Dec. 257, 259 (BIA 1991). Instead, the BIA looked to whether the "specific category of aggravated felony at issue" had a comparable ground of inadmissibility in § 212(a). See id. The BIA concluded an alien deportable for an aggravated felony of "illicit trafficking in any controlled substance," as defined in INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), was eligible for a § 212(c) waiver because it had a statutory counterpart of inadmissibility in INA § 212(a)(23), 8 U.S.C. § 1182(a)(23).[6] Id.

In 2005, the BIA applied this same framework in concluding that an alien deportable based on an aggravated felony conviction for sexual abuse of a minor is ineligible for a § 212(c) waiver. See Blake, 23 I. & N. Dec. at 727-29. The BIA concluded the inadmissibility grounds for a "crime involving moral turpitude" in INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I) was not a statutory counterpart because "the moral turpitude ground of exclusion addresses a distinctly different and much broader category of offenses than the aggravated felony sexual abuse of a minor charge." Id. at 728. The BIA explained that "the test for comparability is not met merely by showing that some or many of the offenses

---

[6]In 1990, INA § 212(a)(23), 8 U.S.C. § 1182(a)(23) was revised and redesignated at INA § 212(a)(2)(A)(i)(II), 8 U.S.C. § 1182(a)(2)(A)(i)(II). See Meza, 20 I. & N. Dec. at 260 n.5.

included in the charged category could also be crimes involving moral turpitude."

Id. at 729.  The aggravated felony of sexual abuse of a minor, which formed the

basis of Blake's removal, did not have a comparable ground of inadmissibility in

§ 212(a) and thus deportee Blake was ineligible for a § 212(c) waiver.

As shown above, the use of a statutory counterpart analysis for § 212(c)

waiver requests applied by the BIA in Blake was established by the time of

Sanchez-Becerra's initial removal proceedings in 2003.  See Zamora-Mallari v.

Mukasey, 514 F.3d 679, 689-90 (7th Cir. 2008) (stating that the BIA in Blake "did

not establish a new rule of law, but rather applied the previously well-established

comparability standard in a different factual context"); Vo v. Gonzales, 482 F.3d

363, 369-70 (5th Cir. 2007) (rejecting argument that Blake contradicted prior

agency practice); Caroleo v. Gonzales, 476 F.3d 158, 163 (3d Cir. 2007) ("The

principle that § 212(c) is available in removal proceedings only where the ground

for removal has a 'statutory counterpart' ground for exclusion has been firmly in

place and consistently applied since at least 1991.").[7]

---

[7]The Blake petitioners actually petitioned for review of the BIA's decision to the Second Circuit.  In 2007, the Second Circuit rejected the petitioners' argument that the BIA's decision had changed the law regarding § 212(c) waivers and stated "[t]he statutory counterpart rule does nothing more than crystallize the agency's preexisting body of law."  Blake v. Carbone, 489 F.3d 88, 98-99 (2d Cir. 2007).  However, the Second Circuit ultimately disagreed with the BIA's approach of analyzing whether the "aggravated felony" ground of deportation had a statutory counterpart in the § 212(a) grounds of inadmissibility.  Id. at 102-03.  Instead, the Second Circuit adopted the approach of analyzing whether the particular criminal offense, which was the ground for the aggravated-felony deportation, had a statutory counterpart in the § 212(a) grounds of inadmissibility.  Id. at 103-04.  The Second Circuit remanded to the BIA to make that statutory

Even if the BIA allowed him to apply for a § 212(c) waiver as if it was 2003, Sanchez-Becerra has not shown the statutory framework and BIA's decision would be any different than in <u>Blake</u>. In fact, Sanchez-Becerra has not challenged the BIA's analysis in <u>Blake</u> or explained what he would argue differently to show that his aggravated felony conviction for sexual abuse of a minor for which he is being deported has a statutory counterpart in § 212(a) to render him eligible for a § 212(c) waiver. Thus, because Sanchez-Becerra was statutorily ineligible for a § 212(c) waiver in 2003, just as he was in 2007, we deny Sanchez-Becerra's petition as to its challenge to the BIA's conclusion that it could not grant him a § 212(c) waiver <u>nunc pro tunc</u>.[8]

counterpart analysis. <u>Id.</u> at 105.

Although the Second Circuit disagreed with the BIA's <u>Blake</u> decision, this does not affect the precedential effect of the BIA's decision elsewhere. <u>See</u> <u>Matter of Anselmo</u>, 20 I. & N. Dec. 25, 31 (BIA 1989) ("We are not required to accept an adverse determination by one circuit court of appeals as binding throughout the United States."). Indeed, other circuits agree with the BIA's analysis in <u>Blake</u> and have analyzed whether the "aggravated felony" ground of deportation had a statutory counterpart in the § 212(a) grounds of inadmissibility. <u>See</u> <u>Zamora-Mallari</u>, 514 F.3d at 691-93 (addressing aggravated felony of sexual abuse of a minor); <u>Vue v. Gonzales</u>, 496 F.3d 858, 860-61 (8th Cir. 2007); <u>Vo</u>, 482 F.3d at 368-72; <u>Caroleo</u>, 476 F.3d at 167-68; <u>Kim v. Gonzales</u>, 468 F.3d 58, 62-63 (1st Cir. 2006). In any event, Sanchez-Becerra does not challenge the BIA's analysis in <u>Blake</u> in 2005, and we consider here only whether Sanchez-Becerra was ineligible for a § 212(c) waiver in 2003.

[8]At the end of the day, we note that the Seventh Circuit, albeit in a cursory footnote, rejected a similar argument, stating as follows:

The petitioners all maintain on appeal that if their case had been heard before <u>Blake</u> they would have qualified for § 212(c) relief. However, as just noted, <u>Blake</u> merely applied the comparable basis test to a new factual scenario. If one of these petitioners' cases had come before <u>Blake</u>, that case would be the "<u>Blake</u>" case that stood for the proposition that an alien convicted of sexual abuse of a minor does not qualify for a § 212(c) waiver because there is no comparable ground of excludability.

<u>Zamora-Mallari</u>, 514 F.3d at 689-90 n.4.

12

## C.    Denial of Motion to Continue

Sanchez-Becerra argues that the IJ abused its discretion in denying him a continuance of the May 7, 2007 removal hearing and effectively denied him his right to counsel.  The decision to grant a continuance is "within the IJ's broad discretion." Zafar v. U.S. Att'y Gen., 461 F.3d 1357, 1362 (11th Cir. 2006).  As outlined above, Sanchez-Becerra's removal hearing had already been continued five times, and the IJ scheduled the May 7, 2007 hearing in November 2006.  Sanchez-Becerra's main challenge–that the IJ failed to explain why it denied the continuance and thereby abused its discretion–does not present a legal question that this Court has jurisdiction to review.  See Alvarez Acosta v. U.S. Att'y Gen., 524 F.3d 1191, 1196-97 (11th Cir. 2008) (stating that a "garden-variety abuse of discretion argument–which can be made by virtually every alien subject to a final removal order–does not amount to a legal question under § 1252(a)(2)(D)").

To the extent Sanchez-Becerra argues that the denial of a continuance violated his due process rights to a fundamentally fair hearing and to the presence of retained counsel, he presents a colorable constitutional claim that this Court has jurisdiction to review.  However, in order to prevail on a due process claim, Sanchez-Becerra must show "substantial prejudice." See Mullen-Cofee v. INS, 976 F.2d 1375, 1380 (11th Cir. 1992).  Because the relief he is seeking–a § 212(c) waiver–is discretionary, Arias, 482 F.3d at 1283, his counsel already presented his

arguments for a § 212(c) waiver in a memorandum to the IJ, and he has not cited any arguments or evidence that counsel would have presented at the May 7, 2007 hearing, Sanchez-Becerra has not shown he suffered "substantial prejudice" from the IJ's denial of a continuance. Thus, we deny Sanchez-Becerra's petition as to the continuance claim.[9]

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[9]We deny the government's October 3, 2007 motion to dismiss Sanchez-Becerra's petition for review as moot. Sanchez-Becerra's motion to stay deportation was previously denied by this Court on October 3, 2007.