# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 09-60909
Summary Calendar

Lyle W. Cayce
Clerk

MAXIMILIANO RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 644 463

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Maximiliano Rodriguez, a citizen of Mexico and a lawful permanent resident in the United States, petitions this court for review of the BIA's decision affirming the order of an immigration judge (IJ) concluding that Rodriguez is ineligible for a waiver of deportation under former 8 U.S.C. § 1182(c). His petition for review is DENIED.

In 1991, Rodriguez pled guilty to transporting an illegal alien within the United States, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii). (When Rodriguez was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convicted, this offense was codified at 8 U.S.C. § 1324(a)(1)(B).)  In 2006, he was charged with removability on the ground that this offense is an aggravated felony.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(N).  Rodriguez conceded that he was removable and then applied for a waiver under the former 8 U.S.C. § 1182(c).  To be eligible for a waiver, the alien must be removable on a ground that has a statutory counterpart in the grounds for inadmissibility listed in 8 U.S.C. § 1182.  8 C.F.R. § 1212.3(f)(5); *Brieva-Perez v. Gonzales*, 482 F.3d 356, 362 (5th Cir. 2007).

We generally lack jurisdiction to consider challenges to a removal order where the alien is ordered removed on the ground that he has committed an aggravated felony.  8 U.S.C. §1252(a)(2)(C); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006).  Nonetheless, we retain jurisdiction over constitutional and legal questions. 8 U.S.C. § 1252(a)(2)(D); *Hernandez-Castillo*, 436 F.3d at 519.  Rodriguez challenges only the BIA's legal determination that he was ineligible for a waiver of deportation because the ground for his removal did not have an statutory counterpart in the grounds for inadmissibility. Thus, we have jurisdiction to consider Rodriguez's petition for review.  *See Brieva-Perez*, 482 F.3d at 359.

Because the BIA engaged in its own analysis and did not adopt the decision of the IJ, we review only the decision of the BIA; Rodriguez's legal arguments are reviewed *de novo.  See Beltran-Resendez v. INS*, 207 F.3d 284, 286 (5th Cir. 2000).  We defer to the BIA's reasonable interpretation of immigration regulations.  *Hernandez-Castillo*, 436 F.3d at 519.

Rodriguez argues that the BIA erred in determining that the relevant comparison is between the grounds of inadmissibility in 8 U.S.C. § 1182(a) and his ground of removability in 8 U.S.C. § 1101(a)(43)(N).  He contends that the proper comparison is between the ground of inadmissibility, which he says is 8 U.S.C. § 1182(a)(6)(E)(i), and the offense of conviction, here, 8 U.S.C. § 1324(a)(1)(A). Rodriguez also argues that under 8 U.S.C. §1182(c), waivers are

available to aliens who have served a sentence of less than five years on their aggravated felony convictions.

Rodriguez's arguments are without merit. We have approved of and applied the rule that the BIA followed here: for an alien who is removable because he was convicted of an aggravated felony, eligibility for a waiver of deportation depends on whether the category of aggravated felony has a statutory counterpart in the grounds for inadmissibility. *Vo v. Gonzales*, 482 F.3d 363, 368-72 (5th Cir. 2007). We have explicitly rejected the argument that Section 1182(c) relief is available to aggravated felons as long as they served less than five years of imprisonment. *Id.* at 370-71. The BIA properly applied its comparability analysis because the language used in Section 1101(a)(43)(N) and Section 1182(a)(6)(E)(i) is dissimilar. Congress intended the statutes to apply to different conduct, and Section 1182(a)(6)(E)(i) is more comparable to Section 1227(a)(1)(E)(i). *See Leon-Medina v. Holder*, 351 F. App'x 881, 885 (5th Cir. 2009); *Popoca v. Holder*, 320 F. App'x 252, 258-59 (5th Cir. 2009).

Finally, Rodriguez argues that the BIA's decision improperly restricted the holding in *INS v. St. Cyr*, 533 U.S. 289 (2001). Specifically, that a waiver of deportation remains available to aliens who could have been eligible for this relief at the time of their guilty pleas because the aliens could have relied on the availability of this relief in deciding to plead guilty. *St. Cyr*, 533 U.S. at 326. Rodriguez, however, cannot show that he reasonably relied on the availability of relief because, given the conclusion that his ground of removability had no counterpart in the statutory grounds for admissibility, he was ineligible for the waiver at the time he pled guilty. *See Vo*, 482 F.3d at 370.

Rodriguez is statutorily ineligible for relief under 8 U.S.C. § 1182(c). Accordingly, his petition for review is DENIED.