# MATTER OF MEZA

## In Deportation Proceedings

### A-17970904

*Decided by Board May 22, 1991*

(1) Pursuant to prior precedent decisions of the Board of Immigration Appeals, a waiver under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988), is available in deportation proceedings only to those aliens who have been found deportable under a ground of deportability for which there is a comparable ground of excludability.

(2) Section 212(c) of the Act as amended by the Immigration Act of 1990, Pub. L. No. 101-649, § 511, 104 Stat. 4978, 5052, implies that some aliens who have been convicted of an aggravated felony are eligible for a section 212(c) waiver, although clearly no alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years is eligible for a waiver under section 212(c) as amended.

(3) An alien deportable under section 241(a)(4)(B) of the Act, 8 U.S.C. § 1251(a)(4)(B) (1988), for a drug-related aggravated felony which could also form the basis for excludability under section 212(a)(23) is not precluded from establishing eligibility for a section 212(c) waiver.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4)(B) [8 U.S.C. § 1251(a)(4)(B)]—Convicted of aggravated felony

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:  
Simon Salinas, Esquire  
1671 Wilshire Boulevard, Suite 302  
Los Angeles, California 90017

ON BEHALF OF SERVICE:  
Catherine J. Light  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members. Concurring Opinion: Heilman, Board Member.

In a decision dated October 16, 1990, the immigration judge found the respondent deportable under section 241(a)(4)(B) of the Immigra-

tion and Nationality Act, 8 U.S.C. § 1251(a)(4)(B) (1988),[1] for conviction of an aggravated felony, and under section 241(a)(11) of the Act[2] for conviction of a controlled substance violation. The immigration judge denied the respondent's application for a waiver under section 212(c) of the Act, 8 U.S.C. § 1182(c) (1988), on the ground that an alien deportable on the basis of a conviction for an aggravated felony is not eligible for a section 212(c) waiver. The respondent has appealed only from the immigration judge's finding of ineligibility for section 212(c) relief. The appeal will be sustained, and the record will be remanded to the immigration judge. The respondent's request for oral argument before the Board of Immigration Appeals is denied. 8 C.F.R. § 3.1(e) (1991).

Under the precedent decisions of this Board, a section 212(c) waiver is available in deportation proceedings only to those aliens who have been found deportable under a ground of deportability for which there is a comparable ground of excludability. *Matter of Wadud,* 19 I&N Dec. 182 (BIA 1984); *Matter of Granados,* 16 I&N Dec. 726 (BIA 1979), *aff'd,* 624 F.2d 191 (9th Cir. 1980); *Matter of Salmon,* 16 I&N Dec. 734 (BIA 1978); *see also Cabasug v. INS,* 847 F.2d 1321 (9th Cir. 1988). There is no exclusion ground based specifically on the fact that an alien has been "convicted of an aggravated felony."[3] For this reason the immigration judge found that the respondent is not eligible for section 212(c) relief.

Section 511(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5052 (effective Nov. 29, 1990) amended section 212(c) of the Act to include that a section 212(c) waiver "shall not apply to an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years." This amendment applies to admissions occurring after November 29, 1990. *See* section 511(b) of the Immigration Act of 1990, 104 Stat. at 5052. Section 511(a) implies that some aliens who have been convicted of an aggravated felony are eligible for a section 212(c) waiver, although clearly no alien who has been convicted of an aggravated felony *and* has served a term of imprisonment of at least 5 years is eligible for a waiver under section 212(c) as amended. Moreover, it is evident from the legislative history of the Immigration Act of 1990 that the limitation of section 511(a) was imposed with the understanding that

---

[1] Revised and redesignated as section 241(a)(2)(A)(iii) of the Act by section 602 of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080 (effective Nov. 29, 1990).

[2] Revised and redesignated as section 241(a)(2)(B) of the Act by section 602 of the Immigration Act of 1990, 104 Stat. at 5080.

[3] Section 241(a)(4)(B) of the Act renders deportable an alien who is "convicted of an aggravated felony at any time after entry."

section 212(c) relief was available to some aliens notwithstanding the conviction of an aggravated felony. *See* 136 Cong. Rec. S6586, S6604 (daily ed. May 18, 1990) ("Section 212(c) provides relief from exclusion and by court decision from deportation .... This discretionary relief is obtained by numerous excludable and deportable aliens, including aliens convicted of aggravated felonies ....").

Accordingly, we find that a waiver under section 212(c) is not unavailable to an alien convicted of an aggravated felony simply because there is no ground of exclusion which recites the words, "convicted of an aggravated felony," as in section 241(a)(4)(B) of the Act. The definition of "aggravated felony" at section 101(a)(43) of the Act, 8 U.S.C.A. § 1101(a)(43) (West Supp. 1991), refers to several types or categories of offenses.[4] The specific category of aggravated felony at issue in this case is that based on "any illicit trafficking in any controlled substance ... , including any drug trafficking crime." This category is comprised of trafficking offenses, most, if not all, of which would also be encompassed within the scope of section 212(a)(23) of the Act.[5] We find that as the respondent's conviction for a drug-related aggravated felony clearly could also form the basis for excludability under section 212(a)(23), he is not precluded from establishing eligibility for section 212(c) relief based on his conviction for an aggravated felony.

The Immigration and Naturalization Service does not contest the

---

[4]Section 101(a)(43) of the Act now provides:

The term "aggravated felony" means murder, *any illicit trafficking in any controlled substance (as defined in section 102 of the Controlled Substances Act)*, including any drug trafficking crime as defined in section 924(c)(2) of title 18, United States Code, or any illicit trafficking in any firearms or destructive devices as defined in section 921 of such title, any offense described in section 1956 of title 18, United States Code (relating to laundering of monetary instruments), or any crime of violence (as defined in section 16 of title 18, United States Code, not including a purely political offense) for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years, or any attempt or conspiracy to commit any such act. *Such term applies to offenses described in the previous sentence whether in violation of Federal or State law* and also applies to offenses described in the previous sentence in violation of foreign law for which the term of imprisonment was completed within the previous 15 years.

Section 101(a)(43) of the Act, as amended by section 501 of the Immigration Act of 1990, 104 Stat. at 5048 (emphasis added). The amendments to section 101(a)(43) by section 501 of the Immigration Act of 1990 apply to offenses committed on or after November 29, 1990, except that the amendments underlined in the above-quoted statute are effective as if included in the original definition of "aggravated felony" added by section 7342 of the Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, 102 Stat. 4181, 4469, effective November 18, 1988. *See* section 501(b) of the Immigration Act of 1990, 104 Stat. at 5048.

[5]Revised and redesignated as sections 212(a)(2)(A)(i)(II) and (C) of the Act by section 601 of the Immigration Act of 1990, 104 Stat. at 5067-68.

259

respondent's statutory eligibility for section 212(c) relief on other grounds. Accordingly, the appeal will be sustained and the record will be remanded to the immigration judge to determine whether the respondent's application for a 212(c) waiver merits a favorable exercise of discretion.[6]

**ORDER:** The appeal is sustained, and the record is remanded to the immigration judge for proceedings consistent with the foregoing opinion and for entry of a new decision.

*CONCURRING OPINION:* Michael J. Heilman, Board Member

I respectfully concur.

Section 511(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5052, amended section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (1988), to provide that a section 212(c) waiver "shall not apply to an alien who has been convicted of an aggravated felony and has served a term of imprisonment of at least 5 years." There is only one conclusion that can be drawn from this, that a lawful permanent resident alien who is deportable as a result of a conviction of an aggravated felony for which he served less than 5 years' imprisonment may apply for this relief in deportation proceedings.

My conclusion is based on the following elements. First, there is no ground of excludability based on conviction of an aggravated felony. Second, there is a ground of deportability based on conviction for an aggravated felony. Section 241(a)(4)(B) of the Act, 8 U.S.C. § 1251(a)(4)(B) (1988).[1] Third, Congress amended section 212(c) to bar its benefits to an alien who had served 5 or more years' imprisonment following a conviction for an aggravated felony.

Congress could not have meant its amendment of section 212(c) to apply to a ground of excludability, as there is none, and if it does not apply to a ground of deportability, then it applies to nothing. This would certainly be the result under the interpretation favored by the Immigration and Naturalization Service. What, then, was the purpose of the amendment? The Service does not tell us.

Nonetheless, the purpose seems clear. Congress knew that section 212(c) relief had been accorded to lawful permanent residents in both exclusion and deportation proceedings. The legislative history quoted

---

[6] After the Board's review of this matter on the merits but before this decision was issued, the Service submitted a late memorandum acknowledging the respondent's statutory eligibility for a section 212(c) waiver and withdrawing its opposition to a remand for further consideration of the respondent's application.

[1] Revised and redesignated as section 241(a)(2)(A)(iii) of the Act by section 602 of the Immigration Act of 1990, 104 Stat. at 5080.

by the majority shows this. Congress accepted this application of section 212(c) but merely wished to limit its availability to lawful permanent residents convicted of aggravated felonies. It did this by barring section 212(c) relief to those persons who have served 5 or more years of imprisonment.

It appears to me that this amendment renders irrelevant the holdings of such cases as *Matter of Wadud*, 19 I&N Dec. 182 (BIA 1984), and *Matter of Granados*, 16 I&N Dec. 726 (BIA 1979), *aff'd*, 624 F.2d 191 (9th Cir. 1980), as far as aggravated felonies are concerned. Even if all of the Board and judicial interpretations which have extended section 212(c) relief to deportation grounds with "counterparts" in exclusion are swept away, section 212(c) relief will still be available to aggravated felons in deportation proceedings under the 1990 amendment to section 212(c) of the Act. By this amendment, Congress has now given a statutory basis for an application for section 212(c) relief in deportation proceedings, where previously this relief had only been available through administrative and judicial interpretation.

For these reasons, I would also sustain the appeal.