# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 06-60190

PAULINO POPOCA

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of
the United States Board of Immigration Appeals
No. A90 751 142

Before KING, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Paulino Popoca, a lawful permanent resident of the United States and a citizen of Mexico, pleaded guilty to transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The Department of Homeland Security later charged Popoca with removability from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for removal of a person who has committed an aggravated felony. At a subsequent removal hearing, Popoca testified about his involvement in a plan to bring Mexican aliens across the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

border to Laredo, Texas. Popoca conceded that he was removable as charged, but he requested a waiver of deportability under former Immigration and Nationality Act § 212(c) or, alternatively, an adjustment of status. The Immigration Judge determined that Popoca was ineligible for a former § 212(c) waiver of deportability because there was no ground of inadmissibility in § 212(a) comparable to the ground of Popoca's deportability. The judge also denied Popoca's application for adjustment of status, reasoning that he did not qualify because his admission at his removal hearing of assisting aliens to enter the country illegally rendered him inadmissible. Finally, the Immigration Judge declared Popoca statutorily ineligible for a waiver of inadmissibility under former § 212(c).

Popoca timely appealed to the Board of Immigration Appeals. The Board agreed with the Immigration Judge that Popoca was statutorily ineligible for both a waiver of inadmissibility and a waiver of deportability under former § 212(c). The Board dismissed the appeal, and Popoca filed a timely petition for review of this order. For the following reasons, we deny Popoca's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Paulino Popoca is a lawful permanent resident of the United States and a citizen of Mexico. In 1992, Popoca was arrested while transporting undocumented aliens from Laredo, Texas to Houston, and subsequently pleaded guilty to transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).[2] In 2002, the Department of Homeland Security issued a Notice to Appear that charged Popoca with removability from the

---

[2] At the time of Popoca's conviction, this violation was codified at 8 U.S.C. § 1324(a)(1)(B). Under this section, a person is subject to criminal penalties if he "knowing[ly] or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law." 8 U.S.C. § 1324(a)(1)(A)(ii).

2

United States under 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for removal of a person who has committed an aggravated felony.[3] Alien smuggling constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(N).[4]

At a subsequent removal hearing, Popoca admitted that he was convicted of transporting undocumented aliens and was sentenced to three years of probation. He also testified that he had agreed to help a friend bring aliens across the border in Laredo, Texas. According to the plan, he was to bring $400 to Laredo to pay to another man once the aliens had crossed the border. Popoca admitted to having met with the aliens in Mexico, before their illegal entry into the United States.

Popoca requested a waiver of deportability under former INA § 212(c) or, alternatively, an adjustment of status pursuant to 8 U.S.C. § 1255(a).[5] The Immigration Judge ("IJ") ruled that Popoca was statutorily ineligible for a

---

[3] Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), states: "Any alien . . . in and admitted to the United States shall . . . be removed if the alien is within one or more of the following classes of deportable aliens: . . . Aggravated felony. Any alien who is convicted of an aggravated felony at any time after admission is deportable."

[4] INA § 101(a)(43)(N), 8 U.S.C. § 1101(a)(43)(N), states:

The term 'aggravated felony' means . . . an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter.

[5] INA § 245(a), 8 U.S.C. § 1255(a), states:

The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General . . . to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

waiver of deportability because there was no ground of inadmissibility in INA § 212(a) comparable to the ground of Popoca's deportability as set forth in 8 U.S.C. § 1101(a)(43)(N). The IJ also ruled that Popoca did not qualify for adjustment of status because he admitted to assisting aliens' entry into the United States, thus rendering him inadmissible under INA § 212(a)(6)(E)(i).[6] Finally, Popoca sought a waiver of inadmissibility under former INA § 212(c), but the IJ found him statutorily ineligible.[7]

Popoca timely appealed to the Board of Immigration Appeals (the "BIA"). The BIA likewise considered both a discretionary waiver of inadmissibility and a discretionary waiver of deportability under former INA § 212(c). The court agreed with the IJ that Popoca was statutorily ineligible for both types of relief. Regarding the waiver of inadmissibility, the BIA specifically distinguished between Popoca's criminal conviction and his conduct, the latter of which gave rise to his inadmissibility:

> [T]he respondent's inadmissibility under section 212(a)(6)(E)(i) is not a function of his criminal conviction for transporting undocumented aliens within the United States; at the time of the respondent's plea such a conviction could not, standing alone, have supported a charge under either [8 US.C. § 1227(a)(1)(E)(i)] or [INA] section 212(a)(6)(E)(i). Instead, the respondent's inadmissibility derives from the fact that he knowingly facilitated and encouraged the undocumented aliens' prearranged plan to enter the United States in violation of law—as evidenced by his admission that he met with them in a Mexican hotel room prior to their entry and gave

---

[6] INA § 212(a)(6)(E)(i), 8 U.S.C. § 1182(a)(6)(E)(i), states: "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."

[7] As will be discussed further below, this relief was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546 (codified as amended in scattered sections of 8 U.S.C.), but is still available to certain aliens pursuant to *INS v. St. Cyr*, 533 U.S. 289, 326 (2001) ("We . . . hold that § 212(c) relief remains available for aliens, like respondent, whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect.").

4

them assurances that he would help them secure transportation inside the United States after they crossed the border. This admitted conduct made the respondent deportable under [8 U.S.C. § 1227(a)(1)(E)(i)] and inadmissible under [INA] section 212(a)(6)(E)(i) as of the moment he engaged in it, and would have continued to make him so even had he been acquitted of (or never charged with) any crime.

*In re Paulino Popoca*, No. A90 751 142, 2006 WL 729766 (BIA Feb. 9, 2006) (internal citations and footnotes omitted). The BIA dismissed Popoca's appeal. Popoca filed a timely petition for review of the BIA's order. After filing his petition, Popoca was removed to Mexico.

## II. STANDARD OF REVIEW

This court reviews de novo a BIA's resolution of questions of law. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). Generally, we give "considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer." *Id.* (internal quotation marks omitted). To the extent that the BIA's conclusions of law resolve the availability of former INA § 212(c) relief based on retroactivity principles, we do not give the BIA deference. *See Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 203–04 (5th Cir. 2007); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006).

## III. DISCUSSION

### A. Waiver of Deportability

#### 1. Legal background

Under former INA § 212(c), an Attorney General could grant a discretionary waiver of many INA § 212(a) grounds of excludability for "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." The Second Circuit held that this provision violated the Equal Protection Clause because it limited such relief only to aliens who had departed from the United States. *See Francis*

5

*v. INS*, 532 F.2d 268, 273 (2d Cir. 1976). The BIA subsequently made INA § 212(c) waivers available in both exclusion and deportation proceedings. *In re Silva*, 16 I. & N. Dec. 26 (BIA 1976).

In 1996, Congress repealed INA § 212(c) through the IIRIRA. The Supreme Court, however, subsequently ruled that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326. The Court reasoned that there was "nothing in IIRIRA unmistakably indicating that Congress considered the question whether to apply its repeal of § 212(c) retroactively to such aliens." *Id.* The Court stated that:

> There can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their convictions. Given the frequency with which § 212(c) relief was granted in the years leading up to . . . [the] IIRIRA, preserving the possibility of such relief would have been one of the principal benefits sought by defendants deciding whether to accept a plea offer or instead to proceed to trial.

*Id.* at 322–23 (internal citations and footnotes omitted). *St. Cyr* never mentioned a requirement of comparable grounds to a statutory counterpart of § 212(a) as being necessary for former § 212(c) relief. *See Vo v. Gonzales*, 482 F.3d 363, 367 (5th Cir. 2007).

The BIA subsequently promulgated 8 C.F.R. § 1212.3(f)(5), which provides that an application for former INA § 212(c) relief "shall be denied if: . . . [t]he alien is deportable . . . or removable . . . on a ground which does not have a statutory counterpart in section 212 of the Act." In so doing, the BIA codified a comparability grounds requirement that it had "long required" in its adjudications. *See Vo*, 482 F.3d at 370; *see also, e.g.*, *In re Blake*, 23 I. & N. Dec. 722, 729 (BIA 2005) ("As the respondent has not identified a ground of

6

inadmissibility substantially equivalent to the 'sexual abuse of a minor' category of aggravated felony offenses, he is ineligible for a section 212(c) waiver."); *In re Meza*, 20 I. & N. Dec. 257, 258 (BIA 1991) (comparing the specific category of trafficking any controlled substance, not the mere words "aggravated felony"); *In re Wadud*, 19 I. & N. Dec. 182, 185–86 (BIA 1984) ("[W]e hold that deportability under section 241(a)(5) of the Act cannot be waived by section 212(c) because no analogous ground of inadmissibility is enumerated in section 212(a) of the Act."); *In re Granados*, 16 I. & N. Dec. 726, 728 (BIA 1979) ("Conviction for possession of a concealed sawed-off shotgun is not a specified section 212(a) ground of excludability, nor a crime involving moral turpitude that would render the respondent excludable under section 212(a)(9) of the Act."). This court has repeatedly affirmed the comparability requirement. *Vo*, 482 F.3d at 368 (citing *Chow v. INS*, 12 F.3d 34, 38 (5th Cir. 1993); *Rodriguez v. INS*, 9 F.3d 408, 412–14 (5th Cir. 1993)).

Popoca now challenges the analysis that the BIA employed and, alternatively, argues that the BIA's analysis was applied incorrectly. These two arguments will be analyzed separately below.

### 2. The general applicability of the comparability analysis

Popoca preliminarily argues that the BIA should not have employed a comparability analysis. Popoca contends that the BIA acted contrary to its own established precedent and regulation by "attempt[ing] to severely limit which aggravated felony offenses can be waived under 212(c) as a defense to removability." He points to 1990 and 1991 amendments to former INA § 212(c), which stated that an alien convicted of an aggravated felony was ineligible if he "served a term of imprisonment of at least five years for such conviction."

Popoca's arguments are foreclosed by this court's previous rulings and Congress's clear statutory intent. In *Vo*, this court addressed these arguments explicitly:

7

> Vo points to the 1990 amendments, which barred § 212(c) relief for aliens who were convicted of an aggravated felony and served a term of imprisonment of at least five years. He argues that, by implication, all other aliens convicted of aggravated felonies should be eligible to apply for a discretionary waiver.
>
> This argument has no merit. If Congress intended to overturn the practice requiring comparability, it could have done so explicitly. The amendments, however, were designed to limit the availability of § 212(c) relief; we cannot infer an intent by Congress simultaneously to expand § 212(c) eligibility when it clearly did not express such a desire.

482 F.3d at 370 (emphasis removed); *see also Avilez-Granados v. Gonzales*, 481 F.3d 869, 872 (5th Cir. 2007) ("Avilez argues that the BIA's interpretation of § 212(c) . . . impermissibly contradicts prior agency practice [and] is an irrational departure from prior policy . . . . The same arguments were raised before this panel in [*Vo*] . . . ."). We thus reaffirm that the BIA acted properly when it employed a comparability analysis in Popoca's administrative appeal.

**3. The BIA's application of the comparability analysis to Popoca's case**

As noted above, an application for former § 212(c) relief should be denied if the alien is deportable or removable on a ground that does not have a statutory counterpart in INA § 212(a). *See* 8 C.F.R. § 1212.3(f)(5). In order to qualify as a comparable ground of inadmissibility in a case involving an aggravated felony, a provision of § 212(a) need not recite the words "convicted of an aggravated felony." *Vo*, 482 F.3d at 368 (citing *Blake*, 23 I. & N. Dec. at 724). Instead, Congress must have "expressed an intent to address the same class of offense." *Id.* A "mere overlap" between a ground of inadmissibility and another statutory provision is, however, insufficient to render the two statutory counterparts comparable. *Id.* (citing *Blake*, 23 I. & N. Dec. at 728).

In Popoca's case, the BIA held that Popoca was ineligible for a waiver of deportability because the ground for Popoca's deportability under 8 U.S.C.

§ 1101(a)(43)(N) was not comparable to his ground for inadmissibility under INA § 212(a)(6)(E)(i).  8 U.S.C. § 1101(a)(43)(N) states:

> The term "aggravated felony" means . . . an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter.

INA § 212(a)(6)(E)(i) states: "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."

The BIA specified four reasons why INA § 212(a)(6)(E)(i) was not the statutory counterpart of 8 U.S.C. § 1101(a)(43)(N).  It first noted that the provisions did not employ similar language.  Second, the BIA reasoned that 8 U.S.C. § 1101(a)(43)(N) is a ground of deportability becoming effective only after an alien has sustained a criminal conviction, whereas an alien could be inadmissible under INA § 212(a)(6)(E)(i) without regard to the existence of a criminal conviction.  The BIA third noted many types of criminal offenses that qualified as aggravated felonies under 8 U.S.C. § 1101(a)(43)(N) because they involved the smuggling of aliens but fell outside of INA § 212(a)(6)(E)(i) because they dealt with aliens who were already in the United States when the smuggling occurred.  Finally, the BIA found that INA § 212(a)(6)(E)(i) is in fact the statutory counterpart to section 8 U.S.C. § 1227(a)(1)(E)(i), another ground of deportability.  This provision states:

> Any alien who (prior to the date of entry, at the time of any entry, or within 5 years of the date of any entry) knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is deportable.

9

8 U.S.C. § 1227(a)(1)(E)(i).[8]

The BIA properly applied its comparability analysis to Popoca's case. The panel searched for a comparable ground in INA § 212(a) and found none, correctly noting that the language employed in 8 U.S.C. § 1101(a)(43)(N) and INA § 212(a)(6)(E)(i) is distinct and that 8 U.S.C. § 1101(a)(43)(N) requires a criminal conviction, whereas INA § 212(a)(6)(E)(i) does not explicitly require such a conviction. Furthermore, the BIA appears to be correct that INA § 212(a)(6)(E)(i) more closely corresponds to 8 U.S.C. § 1227(a)(1)(E)(i). Though there is a slight difference regarding time (8 U.S.C. § 1227(a)(1)(E)(i) refers to the timing explicitly), identical language in the two provisions renders both deportable and inadmissible "[a]ny alien who . . . knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law." INA § 212(a)(6)(E)(i); 8 U.S.C. § 1227(a)(1)(E)(i). The BIA thus correctly concluded that Congress intended the aggravated felony deportability ground at 8 U.S.C. § 1101(a)(43)(N) to "perform a different function and encompass a different class of conduct" than INA § 212(a)(6)(E)(i) and 8 U.S.C. § 1227(a)(1)(E)(i).

## B. Adjustment of Status and Waiver of Inadmissibility

Generally, the status of an alien can be "adjusted" by the Attorney General to that of an alien lawfully admitted for permanent residence. 8 U.S.C. § 1255. An alien is eligible for adjustment of status if: (1) he makes an application for adjustment, (2) he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) "an immigrant visa is immediately available to him at the time his application is filed." *Id.* For the

---

[8] Popoca argues against these four reasons by relying almost exclusively on the BIA's ruling in *In re Azurin*, 23 I. & N. Dec. 695 (BIA 2005). However, the government is correct that *Azurin* is distinguishable because Azurin's inadmissibility for a crime of moral turpitude was due to his guilty plea, whereas Popoca's inadmissibility comes from his conduct, not his guilty plea. We review *Azurin* in greater detail *infra*.

purposes of this case, the most relevant criterion is the second one, admissibility. As noted above, under former INA § 212(c), a discretionary waiver of many grounds of inadmissibility in INA § 212(a) was permitted for "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years." The BIA later made these INA § 212(c) waivers available in both exclusion and deportation proceedings, *see In re Silva*, 16 I. & N. Dec. at 30, and the Supreme Court ruled that the IIRIRA, which repealed the provision, should not have a retroactive effect for aliens who "relied upon [the] likelihood [of deportation] in deciding whether to forgo their right to a trial," *St. Cyr*, 533 U.S. at 325.

In the present case, the BIA is correct that Popoca is inadmissible pursuant to INA § 212(a)(6)(E)(i) because he admitted to the relevant conduct in his removal hearing. His plan to bring aliens into the United States, meeting with the aliens, and payment of money to someone involved in the transfer clearly puts him in the category of an alien who "knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law" pursuant to INA § 212(a)(6)(E)(i). Furthermore, as noted above, this provision does not explicitly require a conviction. Instead, Popoca's *conduct* qualifies under INA § 212(a)(6)(E)(i) and renders him inadmissible, regardless of a previous guilty plea to different conduct made in reliance on former INA § 212(c) relief. The government is thus correct in now arguing that Popoca's "actions made him removable" while "his later testimony admitting to his part in 'the overall plan' to assist five undocumented aliens to illegally enter the United States was all that was necessary to render him inadmissible."

Popoca challenges the BIA's assertion that he still would have been inadmissible for his conduct if he had been acquitted on his charge of violating

11

8 U.S.C. § 1324(a)(1)(A)(ii). Popoca argues that "precisely because [he] plead[ed] guilty to the crime as it occurred in the criminal complaint, . . . he is now subject to the ground of inadmissibility at 8 USC section 1182(a)(6)(E)(i), and by which he reasonably relied upon the availability of a section 212(c) waiver" under *St. Cyr*. This argument lacks merit because Popoca's inadmissibility is not due to his conviction for transporting aliens within the United States. Instead, Popoca is inadmissible due to his distinct *conduct*, namely, taking part in a plan to help aliens enter the United States. The BIA thus rightly stated that "when the respondent decided to plead guilty and forego the possibility of acquittal, he did not acquire any vested right or incur any reliance-based interest in the continuing availability of section 212(c) relief." We agree that Popoca had no *St. Cyr* reliance interest at stake when the BIA found him inadmissible pursuant to INA § 212(a)(6)(E)(i).

Popoca also repeatedly raises *Azurin* in his brief to argue that he is entitled to seek a waiver of inadmissibility for his conduct. In that case, the IJ had implied that Azurin was ineligible for a former INA § 212(c) waiver because there was no statutory counterpart for his offense in INA § 212(a). 23 I. & N. Dec. at 696. The BIA reversed, ruling that an alien may still seek a former INA § 212(c) waiver of inadmissibility as part of his application for adjustment of status even when he does not qualify for a waiver of deportability. *Id*. at 697. Popoca now argues that he should be entitled to similar treatment, noting that the BIA never clearly addressed *Azurin* in issuing its opinion. Though it might have been helpful if the BIA had more explicitly addressed *Azurin* in its opinion, *Azurin* is factually distinguishable from Popoca's case. In *Azurin*, the alien pled guilty to shooting at an unoccupied motor vehicle in violation of California law and was charged with removability as an alien convicted of an aggravated felony and as a firearms offender. *Id*. at 695–96. In the present case, by contrast, Popoca did not have any reliance interest when he admitted in his removal

12

hearing to assisting aliens' entry into the United States *after* pleading guilty to his original conviction for transporting aliens within the United States.  Popoca is thus not entitled to former INA § 212(c) relief as contemplated by *Azurin*.

## IV. CONCLUSION

For the foregoing reasons, we DENY Popoca's petition for review.