# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2009

Charles R. Fulbruge III
Clerk

No. 08-60801
Summary Calendar

JOSE M. LEON-MEDINA, Also Known as Jose Leon-Medina,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A91 598 775

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Leon-Medina, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of an immigration judge ("IJ") denying his application for waiver of re-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

moval. Because the BIA adopted the ruling of the IJ, we review the decisions of both the IJ and the BIA. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

In 1990, Leon-Medina was admitted to the United States as a lawful permanent resident ("LPR"). In 1995, he pleaded guilty of one count of illegal transportation of aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).[1] According to the allegations in the criminal complaint, Leon-Medina, while in Mexico, agreed to transport eight illegal aliens to Dallas, Texas, from an undetermined location; he was apprehended while transporting them within the United States.

In 2005, Leon-Medina was detained while attempting to reenter the United States from Mexico. Although the Bureau of Immigration and Customs Enforcement ("ICE") initially charged him with being inadmissible to the United States, it subsequently charged him with being removable from the United States because he had been convicted of an aggravated felony based on his conviction of illegal transportation of aliens.

Leon-Medina admitted that he was removable as charged, and he sought cancellation of removal under former § 212(c) of the Immigration and Nationality Act ("INA"), which, before its repeal, was codified at 8 U.S.C. § 1182(c). Leon-Medina asserted that he should not have been admitted to the United States and should have been in proceedings regarding his admissibility to the United States, not proceedings regarding his removal therefrom. The IJ rejected that argument, because a different IJ had already granted Leon-Medina bond, which would not have been allowed if he were inadmissible, and because illegal transportation of aliens within the United States is not a ground for inadmissibility. The IJ ruled that Leon-Medina was ineligible for cancellation of removal under former § 212(c), because he was removable on account of an aggravated felony conviction for which there was no corresponding ground of inadmissibility or

---

[1] At the time Leon-Medina pleaded guilty, the statutory subsection was codified at 8 U.S.C. § 1324(a)(1)(B).

statutory counterpart.

Leon-Medina timely appealed to the BIA, arguing that his conviction of illegally transporting aliens in violation of § 1324(a)(1)(A)(ii) is an aggravated felony alien smuggling offense under 8 U.S.C. § 1101(a)(43)(N) that has an inadmissibility statutory counterpart in 8 U.S.C. § 1182(a)(6)(E)(i), rendering him eligible for relief under former INA § 212(c). He additionally asserted that the IJ improperly relied on ICE's decision to charge him with being removable instead of being inadmissible and improperly considered the bond ruling to be a binding determination that he was admissible.

The BIA ruled that § 1182(a)(6)(E)(i) is not the statutory counterpart to § 1101(a)(43)(N), because the two provisions use dissimilar language and do not describe equivalent categories of offenses. The BIA determined that a conviction of a violation of § 1324(a)(1)(A)(ii), standing alone, will not support a charge of inadmissibility under § 1182(a)(6)(E)(i), because such a conviction concerns the transportation of aliens who were already in the United States. The BIA noted that § 1182(a)(6)(E)(i) is the statutory counterpart to 8 U.S.C. § 1227(a)(1)(E)(i), making it less likely that § 1182(a)(6)(E)(i) is the statutory counterpart to § 1101(a)(43)(N). The BIA adopted the IJ's ruling and dismissed the appeal.

In this court, Leon-Medina argues that the BIA and IJ erred by ruling that there is no inadmissibility statutory counterpart to his conviction under § 1324-(a)(1)(A)(ii), because § 1182(a)(6)(E)(i) is such a statutory counterpart. He maintains that the two statutory subsections are counterparts for purposes of former INA § 212(c) eligibility, because both concern the same category of offenses, alien smuggling. Citing *Soriano v. Gonzales*, 484 F.3d 318, 320-21 (5th Cir. 2007), Leon-Medina asserts that the BIA erred by ruling that a conviction for a violation of § 1324(a)(1)(A)(ii), standing alone, will not support a charge of inadmissibility under § 1182(a)(6)(E)(i). He contends that the BIA erred by analyzing whether § 1182(a)(6)(E)(i) is the statutory counterpart to § 1101(a)(43)(N), because the proper issue for analysis is whether § 1182(a)(6)(E)(i) is the statutory

counterpart to § 1324(a)(1)(A)(ii).

Leon-Medina maintains that the ruling of the BIA is not entitled to deference, because the statutory provisions are unambiguous, and the BIA's ruling is unreasonable. He argues that the IJ's ruling was erroneous, because (1) the IJ determined that transporting aliens illegally within the United States is not alien smuggling, (2) the IJ relied on ICE's decision to charge him with being removable as opposed to inadmissible, and (3) the IJ improperly allowed the implication of the bond determination to control his ruling.

We review legal arguments *de novo*. *See Beltran-Resendez v. INS*, 207 F.3d 284, 286 (5th Cir. 2000). We defer to the BIA's interpretation of immigration regulations if that interpretation is reasonable. *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006). Deference is not owed to the BIA's interpretation, however, if Congress has directly spoken to the precise question at issue and the intent of Congress is clear. *Martinez v. Mukasey*, 519 F.3d 532, 542-43 (5th Cir. 2008).

Before its repeal, former INA § 212(c) provided that aliens lawfully admitted for permanent residence who temporarily proceeded abroad and who were not under an order of removal could be admitted at the discretion of the Attorney General without regard to any specified ground of inadmissibility in § 1182(a). *See In re Silva*, 16 I. & N. Dec. 26, 27 (BIA 1976). Although the statute was addressed to aliens in exclusion proceedings, it was interpreted by the BIA as also allowing the Attorney General to consider waivers from LPR's in removal proceedings who were similarly situated to aliens in exclusion proceedings. *Id*. To determine whether a removee was "similarly situated" to a person in exclusion proceedings, the BIA set forth a "comparable grounds" test that asked whether the ground of removal was also a ground of inadmissibility. *See In re Wadud*, 19 I. & N. Dec. 182, 184-85 (BIA 1984).

In 1996, Congress repealed former INA § 212(c). *Alvarez-Hernandez v. Acosta*, 401 F.3d 327, 329 (5th Cir. 2005). In 2001, however, the Court held in

*INS v. St. Cyr*, 533 U.S. 289 (2001), that relief under former INA § 212(c) remained available for aliens whose convictions were obtained through plea agreements and who, notwithstanding their convictions, would have been eligible for former INA § 212(c) relief at the time of their guilty pleas. *Hernandez-Castillo*, 436 F.3d at 517-18 (citing *St. Cyr*, 533 U.S. at 326).

The availability of a former INA § 212(c) waiver thus revived, in 2004, the BIA-promulgated 8 C.F.R. § 1212.3(f)(5), which provides that a LPR is ineligible for a former INA § 212(c) waiver if the alien is removable on a ground that does not have a statutory counterpart in § 1182. Thus, under the BIA's comparable ground analysis (also known as the statutory counterpart rule), an alien who is removable on a ground that does not have a corresponding ground of inadmissibility is ineligible for former INA § 212(c) relief. *See Vue v. Gonzales*, 496 F.3d 858, 860 (8th Cir. 2007).

There is no ground of inadmissibility in § 1182(a) that excludes aliens who have been convicted of aggravated felonies. *See In re Meza*, 20 I. & N. Dec. 257, 259 (BIA 1991). This, however, does not preclude an alien who is removable on account of an aggravated felony conviction from being eligible for relief under former INA § 212(c). *Id.* Instead, eligibility for relief under former INA § 212(c) for an alien who is removable because he was convicted of an aggravated felony depends on whether the category of aggravated felony for which he was convicted has an inadmissibility statutory counterpart. *Id.*

Following the revival of former INA § 212(c) relief in *St. Cyr*, the BIA reaffirmed that the procedure set forth in *Meza* is the proper method for determining whether an alien who is removable because of an aggravated felony conviction is eligible to seek relief under former INA § 212(c). *See In re Blake*, 23 I. & N. Dec. 722, 724-29 (BIA 2005), *petition for review granted and remanded*, *Blake v. Carbone*, 489 F.3d 88 (2d Cir. 2007). This court has upheld the procedure set forth in *Blake*. *Vo v. Gonzales*, 482 F.3d 363, 368-72 (5th Cir. 2007).

Therefore, the pertinent issue is whether there is a comparable ground of

inadmissibility, i.e., an inadmissibility statutory counterpart, to the category of aggravated felony conviction for which Leon-Medina was adjudged removable. *See id.* at 368. Leon-Medina's argument that the pertinent issue is whether his actual crime, not the category of his aggravated felony conviction, has an inadmissibility statutory counterpart is without merit. *See Meza*, 20 I. & N. Dec. at 259; *Blake*, 23 I. & N. Dec. at 726-28.

For the same reason, Leon-Medina's reliance on *Soriano* is misplaced. There, we held that an alien who had been convicted of transporting illegal aliens within the United States was inadmissible under § 1182(a)(6)(E)(i) because his conduct included participation "in a scheme to aid other aliens in an illegal entry." *Soriano*, 484 F.3d at 320-31. Because the court in *Soriano* merely ruled that the alien's conduct fell within the ambit of § 1182(a)(6)(E)(i) and did not address whether § 1182(a)(6)(E)(i) is the statutory counterpart of § 1101(a)(43)(N), it is not controlling in this case. *See id.*

Whether a ground for "removal has a statutory counterpart in the provisions for exclusion or inadmissibility turns on whether Congress has employed similar language to describe substantially equivalent categories of offenses." *Blake*, 23 I. & N. Dec. at 728. There must be "a close textual link" between the ground of removal and the ground of inadmissibility to establish that the ground of inadmissibility is a statutory counterpart. *Vo*, 482 F.3d at 368. That there is some overlap between the crimes comprising the category of aggravated felony and the ground of inadmissibility is insufficient to show that the ground of inadmissibility is a statutory counterpart. *Blake*, 23 I. & N. Dec. at 728

The category of Leon-Medina's aggravated felony conviction is § 1101(a)-(43)(N), which provides that convictions for violations of "paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling)" are aggravated felony convictions except when the alien's offense consists solely of assisting his spouse, child, or parent. The statutory subsection that Leon-Medina asserts is the inadmissibility counterpart, § 1182(a)(6)(E)(i), is titled "Smugglers," and it

provides that "[a]ny alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."

The BIA ruled that § 1182(a)(6)(E)(i) is not the statutory counterpart of § 1101(a)(43)(N), because (1) the statutory subsections use dissimilar language, (2) § 1101(a)(43)(N) includes offenses concerning aliens who were already in the United States but § 1182(a)(6)(E)(i) does not, and (3) § 1182(a)(6)(E)(i) is the statutory counterpart of § 1227(a)(1)(E)(i), which provides that

> [a]ny alien who (prior to the date of entry, at the time of any entry, or within 5 years of the date of any entry) knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is deportable.

The BIA properly applied its comparability analysis in this case. The language used in §§ 1101(a)(43)(N) and 1182(a)(6)(E)(i) is distinct. Section 1182(a)-(6)(E)(i) does not include offenses regarding aliens already within the United States, but § 1101(a)(43)(N) does. *See* § 1324(a)(1)(A). The BIA appears to be correct that § 1182(a)(6)(E)(i) more closely corresponds to § 1227(a)(1)(E)(i) than to § 1101(a)(43)(N). Identical language in the two provisions renders both deportable and inadmissible "[a]ny alien who . . . knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or try to enter the United States in violation of law." §§ 1182(a)(6)(E)(i), 1227(a)(1)(E)(i). The BIA thus correctly concluded that Congress intended the aggravated felony deportability ground at § 1101(a)(43)(N) to "serve difference purposes and encompass a different class of conduct" from §§ 1182(a)(6)(E)(i) and 1227(a)(1)(E)(i).

Leon-Medina has not shown that the BIA erred by holding that he is ineligible for cancellation of removal under former INA § 212(c). Because this precludes him from receiving relief, we do not reach his remaining arguments.

The petition for review is DENIED.

7