# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2010

No. 09-60790
Summary Calendar

Lyle W. Cayce
Clerk

FAUSTO CASTANEDA-SANCHEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A017 304 343

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Fausto Castaneda-Sanchez (Castaneda), a native and citizen of Mexico, was admitted to the United States as a lawful permanent resident in 1966. In 1979, Castaneda pleaded guilty to conspiracy to transport illegal aliens within the United States by means of a motor vehicle, and he was sentenced to three years probation. In 2007, the Department of Homeland Security instituted removal proceedings against Castaneda. An immigration judge (IJ) determined that Castaneda was subject to removal and denied Castaneda's request for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

waiver of deportability under former § 212(c) of the Immigration and Nationality Act (INA), which, prior to its repeal, was codified at 8 U.S.C. § 1182(c). The IJ ordered Castaneda removed to Mexico. The Board of Immigration Appeals (BIA) dismissed Castaneda's appeal. Castaneda filed a timely petition for review in this court.

Pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to consider challenges to a removal order based on the commission of an aggravated felony. *See Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006). Nevertheless, no jurisdiction-stripping provision of the INA "shall be construed as precluding review of constitutional claims or questions of law raised on a petition for review." 8 U.S.C. § 1252(a)(2)(D); *Hernandez-Castillo*, 436 F.3d at 519. The substantive issues raised by Castaneda in this court challenge the BIA's legal determinations that Castaneda was not eligible for a waiver of deportability under former INA § 212(c) because (1) the ground for his removal did not have an inadmissibility statutory counterpart, and (2) the statutory counterpart requirement is impermissibly retroactive. Consequently, we have jurisdiction to consider Castaneda's petition for review. *See Brieva-Perez v. Gonzales*, 482 F.3d 356, 359 (5th Cir. 2007).

Castaneda contends that the BIA erred by ruling that 8 U.S.C. § 1182(a)(6)(E)(i) is not the statutory counterpart to 8 U.S.C. § 1101(a)(43)(N). The BIA so ruled because (1) the statutory subsections used dissimilar language, (2) 8 U.S.C. § 1101(a)(43)(N) included offenses concerning aliens who were already in the United States while 8 U.S.C. § 1182(a)(6)(E)(i) did not, and (3) 8 U.S.C. § 1182(a)(6)(E)(i) was the statutory counterpart of 8 U.S.C. § 1227(a)(1)(E)(i).

The BIA properly applied its comparability analysis based on the dissimilarity in the language used in 8 U.S.C. § 1101(a)(43)(N) and 8 U.S.C. § 1182(a)(6)(E)(i) and because 8 U.S.C. § 1182(a)(6)(E)(i) was more comparable to 8 U.S.C. § 1227(a)(1)(E)(i). *See Leon-Medina v. Holder*, 351 F. App'x 881 (5th

Cir. 2009); *Popoca v. Holder*, 320 F. App'x 252, 253-59 (5th Cir. 2009). Accordingly, Castaneda is statutorily ineligible for relief under 8 U.S.C. § 1182(c).

Castaneda also contends that the BIA's statutory-counterpart requirement is impermissibly retroactive. This argument is unavailing. *Vo v. Gonzales*, 482 F.3d 363, 369-71 (5th Cir. 2007). Consequently, Castaneda's petition for review is DENIED.